Sunday, March 14, 2021

Daniel Muklewicz
Associate Attorney
Avallone Law Associates
215 South Broad Street
Fifth Floor
Philadelphia, PA 19107-5318
*Via USPS Priority Express Mail: 9472 4036 9930 0001 2817 47*

**RE:    Donna Means, No. 18-18179-jkf**
**Chapter 13, Eastern District of Pennsylvania**
**PETITION FOR LEAVE TO WITHDRAW AS COUNSEL**

Dear Mr. Muklewicz,

      This letter is to notify you that I, Donna Means, am in objection to your motion to withdraw from my case. The following statements are my reasons as to why your motion should be denied, and you remain as counsel for my case.
      You were retained as my counsel on or about May 29, 2018 to represent me in setting aside a real estate tax sale of my home, located at 422 Shetland Road, Darby, PA 19023. Following that successful petition, I further retained your services in my filing of Chapter 13 bankruptcy.
      Communication between the both us seems to be the major point of this petition. You state in your petition that I am difficult to reach, and that you haven't heard from me, in your words, over the past few months. I work from home and due to the nature of my position as a Customer Service Agent, I am not able to log off and talk on the phone at my leisure during my work day. You have been advised on a continual basis of when my day(s) off are on a weekly basis, as well as the hours that I work (Tuesday-Saturday from 12pm-9pm), as well as the times of my lunch and breaks during my workday. These days and times have been consistent during the whole time that you have been retained to my case.
      When you do call, it is always during my working hours, and when I return your calls, I either speak to your assistant, who always tells me you would call back in a couple of hours. There have been several times when I haven't heard back from you at all. There have been several times where the only time I would hear from you would be to inform me at the last minute, of petitions filed and court hearings that I am not able to attend at the last minute.
      To address the reconciliation agreement and lawyer's fees between myself and Bayview Loan Servicing, I have explained to you several times about the payments regarding the Bankruptcy Trustees, as well as the mortgage payments to Bayview. During the reconciliation probation period, through the advice of counsel, I was instructed that if I wasn't able to pay both bills at the same time, just to focus on paying the mortgage. Bayview disputed receiving full payment during the trial period at the same time when my work schedule and wages were

adversely affected by the global pandemic. I have been in contact with the mortgage company regarding my payments to them.

You have been sole counsel on my case(s) since the date that I retained you. Therefore, the process of locating and retaining new counsel, as well as having to bring them up to date of almost three (3) years of involvement to this time-sensitive matter is very uncomfortable and daunting. . This change also would not be feasible due to my work schedule being non-negotiable as well as my respiratory and diabetic health issues which inhibit me from travelling safely outside of my house due to COVID- 19.

Therefore, I am requesting that you remain as my counsel and for your motion to withdraw from my case be denied. I will be present on March 17, 2021 via telephone to attend the hearing of this petition.

Upon speaking with Joan Ranieri on Friday March 12, 2021, it was advised that this letter be hand-delivered to Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Suite 400, Philadelphia, PA 19107. Ms. Raineri also provided me with the call-in information for the hearing.

I would like to thank the court for adding this letter of objection to the petition filed for this motion.

Regards,

*Donna Means*

Donna Means

Enclosure
DM
CC:   USPS Priority Mail Express

     Joan Ranieri, Court Clerk
     Eastern District of Pennsylvania
     Hand-Delivered Monday, March 14, 2021